IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINA BOLDEN-WHITAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:07CV00703 (EGS) |
| U.S. CAPITOL POLICE BOARD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

Defendant, Capitol Police Board ("Defendant"), by and through counsel, hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### THIRD DEFENSE

Plaintiff's claims should be dismissed (or consolidated) because the allegations in this action are the same as those in the pending case captioned *Regina Bolden Whitaker v. United States Capitol Police Board*, Civil Action No. 03-2644 (EGS).

### FOURTH DEFENSE

In response to the individual numbered paragraphs of the Complaint, Defendant denies generally all averments except as expressly admitted below:

1.   This paragraph consists of plaintiff's characterization of this action and does not require

an answer, but to the extent that an answer may be deemed required, Defendant denies the allegations in this paragraph.

## JURISDICTION AND VENUE

2. This paragraph includes Plaintiff's allegations regarding jurisdiction, which does not require an answer, but to the extent that an answer regarding jurisdiction may be deemed required, the Defendant denies the allegation.  Further, the Defendant denies the remainder of the allegations in this paragraph.

3. This paragraph includes Plaintiff's allegations regarding jurisdiction, which does not require an answer, but to the extent that an answer regarding venue may be deemed required, Defendant denies that venue is appropriate pursuant to 28 U.S.C. § 1391. Rather, venue is appropriate pursuant to 2 U.S.C. § 1404.  Defendant admits that it is located in the District of Columbia.  The Defendant denies the remainder of the allegations in this paragraph.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Defendant lacks sufficient knowledge or information as to whether Plaintiff completed counseling, as Defendant is not involved in that process.  Defendant admits that Plaintiff attended mediation but denies that she exhausted her administrative remedies.  Defendant admits that the subject complaint was filed on April 17, 2007, but lacks sufficient information to admit or deny whether Plaintiff filed the complaint within ninety days of receipt of the End of Mediation Notice from the Office of Compliance.

## PARTIES

5. Defendant admits that Plaintiff is an United States Capitol Police Officer, is African

      American, and was a lead Plaintiff in *Regina Bolden Whitaker v. United States Capitol Police Board*, Civil Action No. 03-2644 (EGS) and *Sharon Blackmon-Malloy, et al. v. United States Capitol Police Board*, Civil Action No. 01-0221 (EGS).  Defendant denies that those case are related to the instant action.

6. Defendant admits that it is the United States Capitol Police Board and admits its address. Defendant admits that it is Plaintiff's employer.  Defendant denies the remainder of this paragraph.

## ALLEGATIONS

7. Defendant admits that Plaintiff is African American and has been Defendant's employee since 1985 and is a named Plaintiff in *Sharon Blackmon-Malloy, et al. v. United States Capitol Police Board*, Civil Action No. 01-0221 (EGS).  Defendant denies retaliating against the Plaintiff.  Defendant admits that Plaintiff was asked to sign a deputation form on April 10, 2003 but denies that Plaintiff did not recognize the deputation form. Defendant is without sufficient information to know what Plaintiff means when she states that she did not fully understand the effect of the document.  Defendant is without sufficient information to admit or deny Plaintiff's reasons for not signing the form at that time.  Defendant is without sufficient information to know what Plaintiff refers to when she states that management had previously given her a list of the documents she was expected to sign as an employee and that the deputation form was not on the list.

8. Defendant admits that the Plaintiff was suspended and reinstated after she signed the deputation form.  Defendant admits that Plaintiff was accused of refusing to obey orders and that a Form CP-535 was forwarded to the Internal Affairs Division for investigation.

        Defendant admits that a Form 535 becomes part of an Officer's permanent record. Defendant denies that Plaintiff challenged the disciplinary action at the time of the Request for Disciplinary Action was issued but admits that Plaintiff challenged the disciplinary action in *Regina Bolden Whitaker v. United States Capitol Police Board*, Civil Action No. 03-2644 (EGS).

9.      Defendant admits that then Acting Assistant Chief Larry Thompson issued a memorandum to Plaintiff dated May 3, 2006, informing Plaintiff, *inter alia,* that the CP-535 would remain part of her personnel record and avers that the memorandum should be referred to for a complete and accurate statement of its contents. Plaintiff's characterization of this action in this paragraph is a statement of her claims and does not require an answer. Defendant denies that the action was unjustified or either retaliatory or discriminatory. Defendant denies the remainder of the allegations in this paragraph.

## CAUSES OF ACTION

10.     Defendant denies the allegations in this paragraph.

## PRAYER FOR RELIEF

11.     This paragraphs contain Plaintiff's requests for relief to which no answer is deemed necessary, but insofar as an answer is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested herein or to any relief whatsoever. Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S. § 1981a and that any relief would also be limited by 42 U.S.C. § 2000e-5(g)(2)(B).

## JURY DEMAND

12.     Defendant denies that there are any triable issues requiring a jury trial.

Dated: October 5, 2007                     Respectfully submitted,

_____/s/_____
JEFFREY A TAYLOR, D.C. BAR #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
ANDREA MCBARNETTE, D.C. BAR #483789
Assistant United States Attorneys
555 4th Street, NW Rm. E4913
Washington, D.C. 20530
(202) 514-7153


FREDERICK M. HERRERA, D.C. BAR #423675
Capitol Police Board
119 D Street, NE
Washington, D.C. 20510
(202) 593-3662