UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINA BOLDEN-WHITAKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. CAPITOL POLICE BOARD, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 07-0703 (EGS) |

**PLAINTIFF'S MOTION TO CONSOLIDATE AND STAY**

Plaintiff Regina Bolden-Whitaker, by and through undersigned counsel, hereby moves this honorable Court to consolidate the above-captioned case with Blackmon-Malloy, et al. v. United States Capitol Police Board, C.A. 01-2221 (EGS) and to stay further proceedings in this case until decision of the appeal in the Blackmon-Malloy case.

**Introduction**

Plaintiffs have already moved to stay Officer Bolden-Whitaker's prior case, which has already been consolidated with the Blackmon-Malloy case. In addition, Plaintiffs have moved to stay the cases of five other officers which survived this Court's dismissal of the cases of over 300 officers on August 15, 2007. Plaintiffs have moved that these cases be stayed pending decision of Plaintiffs' appeal filed on September 12, 2007, in which Officer Bolden-Whitaker is the lead appellant.

**Consolidation**

Officer Bolden-Whitaker's cases and the Blackmon-Malloy case involve common questions of law and fact. See Fed. R. Civ.

P. 42(a). The facts in the above-captioned case are substantially the same as the facts in Officer Bolden-Whitaker's prior, consolidated case, with the addition that the Department actually issued the discipline it had only threatened to issue a couple of years previously when the first case was filed. See Complaint, Bolden-Whitaker v. United States Capitol Police Board, C. A. No. 03-02644 (EGS) (December 29, 2003). Moreover, Officer Bolden-Whitaker has other claims on appeal, all of which contributed to the pervasive hostile work environment experienced by the Black Officers. For these reasons, the above-captioned case should be consolidated with Officer Bolden-Whitaker's prior case and with the Blackmon-Malloy case.

## Staying the Case

For all the same reasons that the prior case of Officer Bolden-Whitaker and the cases of the other five officers should be stayed, so should the above-captioned case be stayed until the Blackmon-Malloy appeal is decided. See Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for a Stay of Proceedings (Docket No. 189). Likelihood of success on the merits must be judged on the fact that this is a case of first impression regarding the establishment of jurisdiction in cases under the Congressional Accountability Act (CAA). Officer Bolden-Whitaker's case will be substantially impaired (and, under principles of finality, irreparably harmed) if she is required to go to trial before the appeal is decided. A

favorable decision of the appeal and simultaneous trial of her case with the other officers would significantly tilt the balance of her case by permitting her to establish the pervasive hostile work environment to which all the officers were exposed. Not only will there be no harm to Defendants from the modest delay that a stay will entail, but there will be significant harm to the judicial system from having to conduct multiple, serial trials.

In the interest of justice for Office Bolden-Whitaker, for reasons of judicial economy, and for conservation of the parties' resources including attorney fees, the above-captioned case should be stayed until the appeal reaches final decision.

Defendant's counsel has stated that Defendant would agree to consolidate the above-captioned case with Officer Bolden-Whitaker's prior case, C.A. 03-2644, but not with any other Plaintiff's case. Defendant opposes staying proceedings in the above-captioned case.

WHEREFORE, it is respectfully requested that proceedings in this Court on the above-captioned case be stayed pending final resolution of Plaintiffs' appeal in the Court of Appeals (or Supreme Court if necessary), and that the initial scheduling conference shall be held 30 days following the final appellate decision. A proposed Order is attached.

                                    Respectfully submitted,

                                    _____/s/_____
                                    JOSEPH D. GEBHARDT
                                        (D.C. Bar No. 113894)
                                    CHARLES W. DAY, JR.
                                        (D.C. Bar No. 459820)
                                    GEBHARDT & ASSOCIATES, LLP
                                    1101 17th Street, N.W.
                                    Suite 807
                                    Washington, DC 20036-4716
                                    (202) 496-0400

November 5, 2007                Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINA BOLDEN-WHITAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-0703 (EGS) |
| | ) |
| U.S. CAPITOL POLICE BOARD, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

UPON CONSIDERATION of Plaintiffs' Motion to Consolidate and Stay, any response from Defendant, and the full record, it is hereby this ____ day of November, 2007, **ORDERED**:

1. That Plaintiffs' Motion is GRANTED;

2. That the above-captioned case is hereby consolidated with <u>Blackmon-Malloy, et al. v. United States Capitol Police Board</u>, C.A. No. 01-2221 (EGS);

3. That the above-captioned case is hereby stayed until the Court of Appeals (or Supreme Court) issues a decision in this case; and

4. That the initial scheduling conference shall be 30 days from issuance of the final appellate decision.

_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE