IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
REGINA BOLDEN-WHITAKER,            )
                                   )
            Plaintiff,             )
                                   )
    v.                             )
                                   )   Case No. 1:07CV00703 (EGS)
U.S. CAPITOL POLICE BOARD,         )
                                   )
            Defendant.             )
_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO CONSOLIDATE AND FOR A STAY**

Defendant, the Capitol Police Board, submits this opposition to Plaintiff's motion to consolidate this case with Blackmon-Malloy, et al. v. United States Capitol Police Board, 01-2221 (ESG) and to stay the proceedings pending the appeal in the Blackmon-Malloy case. On August 15, 2007, the Court dismissed the claims of roughly 300 plaintiffs. The Court has already denied the Plaintiffs' request for stay in the Blackmon-Malloy case.[1] See November 14, 2007 Order. Therefore, Plaintiff's request for a stay pending the appeal in the Blackmon-Malloy case is moot.[2]

The Defendant also opposes the consolidation of the above-captioned case with the Blackmon-Malloy case. Now that the Court has dismissed the vast majority of the claims and plaintiffs in the Blackmon-Malloy case, it is especially clear that the remaining cases do not

---

[1] Only six of the eight remaining Plaintiffs request a stay of proceeding until an appeal of the August 15, 2007 order is resolved and the Defendant opposed the stay request.

[2] To the extent that the Court believes that the stay request is not moot, the Defendant respectfully incorporates and refers the Court to the Defendant's opposition to a stay filed on September 28, 2007 in the Blackmon-Malloy case.

involve a common question of law or fact.  Pursuant to Rule 42, a district court may consolidate cases that involve "a common question of law or fact."  Fed. R. Civ. P. 42(a).  When determining whether to consolidate cases, courts weigh considerations of convenience and economy against considerations of confusion and prejudice.  See <u>Am. Postal Workers Union v. U.S. Postal Serv.</u>, 422 F. Supp.2d 240, 245 (D.D.C. 2006).  The Plaintiffs have different allegations that stem from different time periods and involve different witnesses.  It would promote inefficiency and confusion to consolidate the Plaintiffs' cases.  Defendant also opposed consolidation of the remaining Plaintiffs' cases in its Future Proceedings Recommendation filed on September 24, 2007.  Docket # 50.

However, the Defendant does not oppose the consolidation of all cases pertaining to Plaintiff Bolden-Whitaker with each other.  In the above-captioned case, <u>Bolden-Whittaker v. United States</u>, 07-703 (EGS), the Plaintiff raises the identical issues that were raised in <u>Bolden-Whittaker v. United States</u>, 03-2644, and so the present case is duplicative of that prior action.

November 19, 2007                              Respectfully submitted,


_____/s/_____
JEFFREY A TAYLOR, D.C. BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____
ANDREA MCBARNETTE, D.C. BAR #483789
Assistant United States Attorneys
555 4th Street, NW Rm. E4913
Washington, D.C. 20530
(202) 514-7153

FREDERICK M. HERRERA, D.C. BAR #423675
United States Capitol Police Board
119 D Street, NE
Washington, D.C. 20510
(202) 593-3662