IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REGINA BOLDEN-WHITAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:07CV00703 (EGS) |
| U.S. CAPITOL POLICE BOARD, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT RULE 16.3 REPORT

Pursuant to Local Civil Rule 16.3(d), the parties report to the Court concerning the matters in Rule 16.3(c). The parties' proposals are set forth below in the same order in which the matters are listed in LCvR 16.3(c).

**A.    Statement of the case**

The Plaintiff alleges that she was retaliated against and subjected to a hostile work environment in violation of the Congressional Accountability Act, 2 U.S.C. § 1311 et seq., and challenges the U.S. Capitol Police's imposition of a CP-535 charge of breach of the Duty to Obey on May 3, 2006, following the Plaintiff's participation in the Blackmon-Malloy proposed class action. The Defendant asserts that the Plaintiff has not stated a claim upon which relief can be granted and that the Court does not have jurisdiction over her claims.

**1.    Whether the case is likely to be disposed of by dispositive motion.**

Plaintiff does not believe that this case can be disposed of by motion.  Defendant believes

that all or part of this case can be disposed of by dispositive motion and intends to file a

dispositive motion after discovery.

2.      **The date by which any other parties shall be joined or the pleadings amended.**

Plaintiff believes this case should be consolidated with the other cases in Blackmon-

Malloy v. U.S. Capitol Police Board, C.A. 01-2221 (EGS) (D.D.C.).  The Defendant

opposes the consolidation with the other cases in Blackmon-Malloy as the remaining

cases do not involve a common question of law or fact.  See  Fed. R. Civ. P. 42(a).

However, the Defendant does not oppose the consolidation of all cases pertaining to

Plaintiff Bolden-Whitaker with each other.  In the above-captioned case, Bolden-

Whittaker v. United States, 07-703 (EGS), the Plaintiff raises the identical issues that

were raised in Bolden-Whittaker v. United States, 03-2644, and so the present case is

duplicative of that prior action.  The Defendant does not anticipate joining any other

parties.

**Whether some or all of the factual and legal issues can be agreed upon or narrowed.**

Whether some of the factual and legal issues can be agreed upon is unknown at this

juncture.

3.      **Whether the case should be assigned to a magistrate judge for all purposes, including**

**trial.**

The parties do not consent to assignment to a magistrate judge for purposes of

discovery or trial.

4.      **Whether there is a realistic possibility of settling the case.**

The parties do not believe that there is a realistic possibility of settling the case at this stage.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties do not believe that mediation will be beneficial at this time but will inform the Court if it appears that mediation would be useful.

6. **Whether the case can be resolved by summary judgment or motion to dismiss.**

Plaintiff does not believe that this case can be disposed of by motion for summary judgment. Defendant believes that all or part of the case can be resolved by a dispositive motion.

**Dates for filing dispositive motions and/or cross-motions, opposition, and replies.**

The parties believe that dispositive motions should be filed subsequent to completion of discovery.

**Dispositive motions**: 60 days after the close of discovery.

**Oppositions**: 30 days after service of a dispositive motion.

**Replies**: 20 days after service of an opposition.

**Proposed date for a decision on the motions.**

60 days after due date for replies, or as soon thereafter as is consistent with the Court's calendar.

7. **Whether the parties should stipulate to dispense with the initial disclosures required**

**by Rule 26(a)(1).**

The parties do not agree to dispense with the Fed. R. Civ. Pro. Rule 26(a)(1) disclosures.

8.    **How long discovery should take.**

The parties expect that all discovery should be completed within 120 days.

**What limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions).**

The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

**Whether a protective order is appropriate.**

The parties will agree to a reasonable protective order that limits the use of personnel information and private medical and financial information to this litigation.

**A date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties propose that:

initial disclosures should be completed within 45 days;

discovery requests should be completed within 90 days; and

all fact discovery should be completed within 120 days.

9.    **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified.**

The parties propose that the Plaintiff serve her expert witness reports within 60 days and that 30 days from service of Plaintiff's expert reports, Defendant will serve any expert witness report upon Plaintiff.

**Whether and when depositions of experts should occur.**

By the close of all discovery.

10. **In class actions, appropriate procedures.**

N/A.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation?**

The parties agree that neither trial nor discovery should be bifurcated.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Defendant proposes that a date for a pretrial conference be set after the Court's decision on the dispositive motion if necessary. The Plaintiff proposes that the Court now set a pretrial conference in approximately one year consistent with the Court's calendar and a trial date from 30 to 60 days after this conference.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiff proposes that the Court set a firm trial date at the first scheduling conference.

Defendant proposes that the Court set a trial date at the pretrial conference.

14.     **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties propose no other matters at this time.

The Court is respectfully referred to the accompanying proposed Scheduling Order.

Dated: November 27, 2007                Respectfully submitted,


                                        /s/
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney


                                        /s/
                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                        Assistant United States Attorney


                                        /s/
                                        ANDREA McBARNETTE, D.C. Bar  # 483789
                                        Assistant United States Attorney Center Building
                                        555 Fourth Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7153

                                        Counsel for Defendant



                                        CHARLES W. DAY, D.C. Bar  # 459820
                                        VALENCIA R. RAINEY, D.C. Bar # 435254
                                        GEBHARDT & ASSOCIATES
                                        1101 17th Street NW
                                        Suite 807
                                        Washington, DC 20036
                                        (202) 496-0400 (phone)
                                        (202) 496-0404 (fax)

                                        Counsel for the Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

REGINA BOLDEN-WHITAKER,       )
                                    )
             Plaintiff,       )
                                    )
      v.                    )
                                    )   Case No. 1:07CV00703 (EGS)
U.S. CAPITOL POLICE BOARD,     )
                                    )
            Defendant.     )
_____)

**ORDER**

Upon consideration of the parties' Rule 16.3(d) report, it this _____ day of

_____, 200__ hereby ORDERED that:

1)    initial disclosures should be completed within 45 days;

2)    discovery requests should be completed within 90 days;

3)    Plaintiff will serve any expert witness report upon defendant within 60 days and
       Defendant will serve any expert witness report upon Plaintiff 30 days from service of
       Plaintiff's expert reports;

4)    depositions of any experts will occur before the close of discovery;

5)    all discovery should be completed within 120 days.

4)    dispositive motions are due 60 days after the close of all discovery,
       oppositions are due 30 days after service of any dispositive motion, and replies are
       due 20 days after service of any opposition;

_____
UNITED STATES DISTRICT JUDGE

Copies:

ANDREA McBARNETTE
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

Counsel for Defendant


CHARLES W. DAY, D.C. Bar  # 459820
VALENCIA R. RAINEY, D.C. Bar # 435254
GEBHARDT & ASSOCIATES
1101 17th Street NW
Suite 807
Washington, DC 20036
(202) 496-0400 (phone)
(202) 496-0404 (fax)

Counsel for the Plaintiff