UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REGINA BOLDEN-WHITAKER,         )
                                )
       Plaintiff,               )
                                )
   v.                           ) Civil Action No. 07-0703 (EGS)
                                )
U.S. CAPITOL POLICE BOARD,      )
                                )
       Defendant.               )
_____)

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO CONSOLIDATE AND STAY**

Plaintiff Regina-Bolden Whitaker, by and through undersigned counsel, hereby replies to Defendant's Opposition to Plaintiff's Motion to Consolidate and Stay and states as follows:

First, Plaintiff and Defendant are in agreement that the above-captioned case, stating claims of reprisal, should be consolidated with <u>Regina Bolden-Whitaker, et al. v. U.S. Capital Police Board</u>, Civil Action No. 03-2644 (EGS), which states claims of harassment, <u>i.e.</u> hostile work environment, based on race (African American) and reprisal. These two cases involve common questions of law and fact. Civil Action 03-2644 was previously consolidated <u>sua sponte</u> with the other cases related to <u>Blackmon-Malloy et al. v. U.S. Capitol Police Board</u>, C.A. 01-2221 (EGS) by Order of this Court dated July 27, 2005.

Once the above-captioned case is consolidated with the other consolidated cases in <u>Blackmon-Malloy</u>, all these cases should be heard together because they involve a common claim of

a hostile work environment.

A hostile work environment is one in which "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Oncale v. Sundowner Offshore Serv., 523 U.S. 75, ___ (1998), quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). Manifestly, where a group of individuals are employed in the same workplace, they are part of the same work environment. Thus, where several members of a protected group claim there exists a hostile work environment, they are raising a claim with common issues of law and fact. Efficiency is therefore promoted when those co-workers claims are consolidated into the same trial.

Granted, some of the testimony in Officer Bolden-Whitaker's cases and the cases of the other Blackmon-Malloy Plaintiffs concerns discrete claims, and even some of the testimony establishing a hostile work environment may involve different incidents with different individuals. However, where the employees are aware of these incidents, employees who are of the same protected class as the individuals who experienced the incidents are obviously made less secure and experience the hostile work environment. For example, an African American who learns that a white supervisor exhibited racial bias against an African American co-worker cannot feel that he will receive

equal treatment with non-African Americans. In <u>Williams v. Conagra Poultry Co.</u>, 378 F.3d 790 (8th Cir. 2004), the Court of Appeals held that evidence of racially discriminatory acts — even if there was no evidence that the plaintiff was aware of them — were admissible in a case of alleged hostile work environment and wrongful termination because it "made more credible Mr. Williams's testimony about the environment that he was exposed to," <u>id.</u> at 794, and because "evidence of racial bias in other employment situations could permissibly lead to the inference that management was similarly biased in the case of Mr. Williams's firing." <u>Id.</u> "Evidence of the extent of the hostile environment was thus probative on the matter of managerial motives." <u>Id.</u>

Even in cases involving discrete acts of discrimination (as opposed to hostile work environment), the courts have ruled that testimony concerning similar treatment of other workers by different supervisors may be relevant. This is especially true where the plaintiff is challenging what is alleged to be an employer-wide practice. In <u>Mendelsohn v. Sprint/United Management Co.</u>, 466 F.3d 1223 (10th Cir. 2006), <u>cert. granted</u>, ___ U.S. ___ (No. 06-1221, June 11, 2007), the Court of Appeals held in an age discrimination case that testimony concerning terminations of employees other than the plaintiff by different supervisors than hers should have been admitted into evidence because it tended to support the existence of a company-wide

3

policy to discriminate.

Given the existing case law on this issue, Defendant's assertion that Ms. Bolden-Whitaker's case should not be consolidated with those of her fellow African American officers of the Capitol Police Force is perplexing. As all of these officers are employed by the same agency and are making similar — although not necessarily identical — claims, it is obvious that efficiency and a complete airing of the facts will be promoted by consolidating the cases.

Wherefore, for the reasons stated above, justice and efficiency will be served by consolidation, and thus this Court should consolidate both of Plaintiff's cases with the cases of the other Blackmon-Malloy Plaintiffs.

                                      Respectfully submitted,

                                      _____/s/_____
                                      JOSEPH D. GEBHARDT
                                          (D.C. Bar No. 113894)
                                      CHARLES W. DAY, JR.
                                          (D.C. Bar No. 459820)
                                      GEBHARDT & ASSOCIATES, LLP
                                      1101 17th Street, N.W.
                                      Suite 807
                                      Washington, DC 20036-4716
                                      (202) 496-0400

December 7, 2007              Attorneys for Plaintiff